IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LESTER BIGLEY, an individual,

                Plaintiff,

v.                                              CIVIL ACTION NO. 3:08-1421

AMERICAN BENEFIT CORPORATION,
a West Virginia Corporation, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are motions for summary judgment filed by Defendant American Benefit Corporation (Doc. 21), Employer-Teamsters Joint Counsel No. 84 Pension Fund Plan (Doc. 23) and Plaintiff Lester Bigley (Doc. 25). For the reasons more fully explained below, because American Benefit Corporation is not a proper party and because the plan did not abuse its discretion in denying benefits to Mr. Bigley, the Court **DENIES** Plaintiff's motion and **GRANTS** each of the Defendants' motions. The Court, however, **DENIES** Defendants' request for attorneys fees.

**Background**

**I. The Pension Fund Plan**

In 1957, the International Brotherhood of Teamsters, Locals No. 175 and 505 entered into a trust agreement with various employers who employed members of the locals. The purpose of the agreement was to establish a trust fund for Teamsters' worker's pensions. The name of the established trust fund is currently "Employer-Teamsters Local Nos. 175/505 Pension Trust Fund" ("the Fund").

The Fund was established and currently operates for employees and employers to have an equal standing in decision-making.  There are four union-appointed trustees and four employer-appointed trustees.  In order for any action to be taking there must be agreement from at least two union-appointed trustees and two employer-appointed trustees.  If there is no agreement then the matter is referred to arbitration.  One of the duties of the trustees was to establish a pension plan, which has been enacted, and amended from time to time.

To receive benefits from the pension plan a participant must be vested.  The plan contains the following definition of "Vesting:"

> "Vesting is the right to receive a future pension benefit (early or normal subject to meeting the other conditions for these benefits) if you leave the Fund. You become vested in your pension benefits after completing 10 Years of Participation.

Plaintiff's Ex. A at 15  (Doc. 26).  A "Year of Participation" is credited to the employee when the employer makes contributions to the Fund for at least five months during a calendar year. Employer-Teamsters Local Union Nos. 175 and 505 Pension Trust Fund Pension Plan (1998) at 58 ("1998 Plan Document").  The plan documents also contain a "Break-in-Service" provision, which may result in the loss of Years of Participation counted towards vesting.[1] From at least 1977 until 1986 the term "Break-in-Service" was defined as,

---

[1] Plaintiff argues pursuant to *DiGiacomo v. Teamsters Pension Trust Fund of Philidelphia*, 420 F.3d 220 (3d Cir.  2005), that "[o]nce a participant is vested, ERISA [the Earned Retirement Income Security Act] requires that all of a participant's years of service be counted in calculating his pension." Plaintiff's Memorandum and Points of Authority (Doc. 29).  This argument is irrelevant to the case because, as explained below, Plaintiff never became vested in his pension. *DiGiacomo*, recognized that breaks-in-service could result in the loss of Years of Participation counted towards vesting.

> [c]onsecutive One Year Interruptions of Service which equal the number of Years of Participation credited to a Participant since his Last Break-in-Service Date. . . . If a Participant has a Break-in-Service, all Credited Service and Years of Participation arising from employment prior to such Break-in-Service Date shall be completely forfeited if such Break-in-Service occurs prior to the time a Participant has completed ten (10) Years of Participation.

Employer-Teamsters Joint Council No. 84 Pension Plan (1977) ("1977 Plan Document") (Doc. 12 Ex. 3). In 1986, the plan document was amended and the definition of Break-in-Service changed. The definition enacted that year, and currently in effect states, "the term "Break-in-Service" shall mean the number of one (1) year breaks-in-service equals or exceeds [sic] the greater of (a) five consecutive one (1) year breaks-in-service and (b) the aggregate number of years of service earned before the consecutive breaks-in-service." 1998 Plan Document.

## II. Lester Bigley's Work History and Year of Participation Calculation

Mr. Bigley associated with the Teamsters in November 1967. Throughout his career he was a construction worker with various pipeline construction companies – both union and non-union. According to the record, he first worked for an employer contributing to the Fund in 1978. He withdrew from the Teamsters in 1989, and was granted an Honorable Withdrawal Card. That same year he joined the Operators Union, from which he currently receives a pension for work performed from 1989 until 2003.

Mr. Bigley applied for a pension from the Fund on April 22, 2003. He was informed by a letter, dated September 15, 2003, that the Fund was denying him a retirement benefit based on two alleged Breaks-in-Service: first in 1979, then again from 1989-1993. Following the denial, Mr.

Bigley received a second letter from Defendant American Benefit Corporation, on December 11, 2003. The letter further informed Mr. Bigley,

> A denial was mailed to you on September 15, 2003 due to your suffering two (2) separate Breaks in Service. We have again reviewed your file, and are sorry to inform you that a benefit is not due you. You have the right to appeal this decision to the Board of Trustees by submitting a written request to this office within sixty (60) days after receipt of this letter.

Doc. 12 Ex. 1.

The record indicates that Mr. Bigley did not pursue his appeal within the 60 day window. Instead, in 2007, Mr. Bigley obtained counsel to pursue the matter. The current action was filed with this Court on December 16, 2008. At that time Plaintiff still had not appealed the decision of the plan administrator to the trustees. By agreement, the parties stayed the instant matter until such an appeal could be heard. A hearing was held on May 5, 2009, and the trustees acted upon the appeal on May 29, 2009. By letter dated June 15, 2009, the Fund advised Plaintiff's counsel that the trustees had denied his appeal. The final denial letter stated in part,

> After providing Mr. Bigley all of the credited service to which he was entitled from the years 1978 through 1989, it still only totals four years of participation, well short of the 10 years of participation necessary in 1989 to become vested; even if the Trustees ignored the two breaks-in-service which occurred in 1978-1980 and 1984-1988.

Doc. 20 Ex. 10.

From his historical work records, Defendant American Benefit Corporation, calculated the following service and Years of Participation – resulting in their determination of two separate breaks in service. The first break in service (1979) resulted from an application of the "Break-in-service"

-4-

definition in effect that year. The second break in service (1989-1993) was a result of the application of the amended "Break-in-Service" definition.

| Year | Months of Contribution | Years of Participation |
|---|---|---|
| 1978 | 2 months | 0 years |
| 1979 | 0 months | 0 years |
| 1980 | 5 months | 1 year |
| 1981 | 6 months | 1 year |
| 1982 | 7 months | 1 year |
| 1983 | 9 months | 1 year |
| 1984 | 3 months | 0 years |
| 1985 | 0 months | 0 years |
| 1986 | 0 months | 0 years |
| 1987 | 0 months | 0 years |
| 1988 | 3 months | 0 years |
| 1989 | 0 months | 0 years |
| 1990- | 0 months | 0 years |

In addition to the two Breaks-in-Service determined by Defendant American Benefit Corporation, it appears that a mis-communication by defense counsel left Plaintiff with the impression that there was another potential Break-in-Service, from 1984-1989. American Benefit Corporation never concluded that there was a break during these years, but as a result of the mis-communication, Plaintiff returned documentation in an attempt to cure this potential break as well as the others determined by American Benefit Corporation. The information submitted by Plaintiff was based upon his social security records and indicates the following work history. (Years which were counted by the Fund as a Year of Participation are not included).

1968
Santa Fe Pipeline Construction, Co.   $1,588
Carl E. Smith, Inc.   $250

1969
Carl E. Smith, Inc.   $400
Burden Construction Corp.   $2,619
Connor Construction Company   $418
Fulghum Construction Corp.   $418

1970
Whittaker Pipeline Constructors, Inc.   $1,629

1971
Somerville Construction Company   $1,641

1972
Carl E. Smith, Inc.   $2,034
ADMA Energy Services, Inc.   $914

| 1973 | | 1979 | |
|---|---|---|---|
| Carl E. Smith, Inc. | $2,034 | L B Jackson Drilling Company | $22,900 |
| ADMA Energy Services, Inc. | $3,323 | L B Jackson Drilling Company | $831 |
| R L Coolsaet Construction Co. | $2,950 | Greenland Service, Inc. | $168 |
| 1974 | | 1980 | |
| Carl E. Smith, Inc. | $7,874 | Carl E. Smith, Inc. | $13,786 |
| | | R.W. Davis Construction Company | $80.00 |
| 1975 | | Greenland Service, Inc. | $521 |
| Carl E. Smith, Inc. | $5,195 | L B Jackson Drilling Company | $315 |
| | | L.A. Pipeline Construction Co., Inc. | $6,640 |
| 1976 | | 1984 | |
| Carl E. Smith, Inc. | $11,377 | L.A. Pipeline Construction, Inc. | $23,184 |
| 1977 | | 1985 | |
| *Parties do not Indicate Work History* | | Eastern Atlantic Constructors, Inc. | $10,575 |
| | | Carl E. Smith, Inc. | $1,236 |
| 1978 | | | |
| Carl E. Smith, Inc. | $12,874 | 1986 | |
| Pro Energy Services, Inc | $1,263 | Eastern Atlantic Constructors | $5,101 |
| D&L Equipment, Inc. | $4,350 | Carl E. Smith, Inc. | $112 |
| L B Jackson Drilling Company | $2,403 | Pace Pipeline Co. | $3,707 |
| | | 1987 | |
| | | L.A. Pipeline Construction, Inc. | $2,367 |

The parties stipulated that Carl E. Smith, Inc. and LA Pipeline were participating members of the Fund. The parties further stipulated 1) that Carl E. Smith made contributions beginning in 1978 and remained a participating employer throughout Plaintiff's years of service and 2) that LA Pipeline was a participating employer beginning in 1980 and throughout Plaintiff's service. There is no evidence that any other employer was a contributing member of the Fund or that Carl E. Smith or LA Pipeline made contributions to the Fund outside of the time period specified.

## Standard of Review

### I. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, an evidentiary showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### II. Review of the Plan Administrator's Decision

Plaintiff asks the Court to review the decision of the plan administrator and its affirmation by the Fund's Trustees. There is a dispute regarding the amount of deference the Court should give to these administrative decisions. Plaintiff argues that review is *de novo* while Defendants maintain that abuse of discretion is appropriate.

The U.S. Supreme Court has held that "a denial of benefits . . . is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary *discretionary* authority to

determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)(emphasis in original). "If such discretionary authority is conferred, the court's review is for abuse of discretion." *Woods v. Prudential Insurance Company of America*, 528 F.3d 320, 322 (4th Cir. 2008) (citing *Firestone Tire & Rubber Co.*, 489 U.S. at 115). The key question in determining the level of deference due, therefore, is to determine whether or not the plan documents confer discretion upon the administrator. As determined by the Fourth Circuit Court of Appeals, this grant of discretion can be either explicit or implicit. *Id.* Critical, however, is that the plan must "manifest a clear intent to confer such discretion." *Id.*; *Feder v. Paul Revere Life Ins. Co.*, 228 F.3d 518, 522-23 (4th Cir. 2000); *Gallagher v. Reliance Std. Life Ins. Co.*, 305 F.3d 264, 268 (4th Cir. 2002).

In the present case, the Court finds that the appropriate standard of review is abuse of discretion. Article VIII, Section 8.01 of the plan's language clearly states: "[a]ny payment of benefits under the Plan shall be contingent upon the approval of the Trustees of the application for benefits, which a Participant or Beneficiary must complete and file with the Trustees." 1998 Plan Document This language manifests a clear intent to confer discretion on the Trustees with regard to the issue of approving or denying an application for benefit. This conclusion is consistent with prior decisions of this Court interpreting this same plan document. *See e.g. Beckner v. American Benefit Corporation*, 2007 WL 130321 (S.D. W.Va. Jan. 16, 2007) (J. Chambers) *aff'd by* 273 Fed. Appx. 226 (4th Cir. April 10, 2008).

When applying an abuse of discretion standard, "a trustee's discretionary decision will not be disturbed if reasonable, even if the court itself would have reached a different conclusion." *Smith v. Continental Casualty Company*, 369 F.3d 412, 417 (4th Cir. 2004). "Under the abuse of

discretion standard, the plan administrator's decision is reasonable if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *Id.* (quoting *Bernstein v. CapitalCare, Inc.* 70 F.3d 783, 788 (4th Cir. 1995).

## Analysis

### I. American Benefit Corporation's Motion for Summary Judgment.

Before determining the propriety of Plaintiff's denial of benefits, the Court can resolve American Benefit Corporation's Motion for Summary Judgment. In its motion, American Benefit Corporation argues that it is a third-party administrator and it only performs administrative functions such as calculating benefits. American Benefit Corporation asserts that it has no authority under the terms of the pension plan or the Agreement and Declaration of Trust to make any final decisions on whether a claim for benefits should be granted or denied. Rather, that responsibility is vested with the trustees of the Fund. American Benefit Corporation states it had nothing to do with the final decision to deny Plaintiff's benefit request and, therefore, it must be dismissed. Plaintiff has not filed any response to American Benefit Corportion's Motion for Summary Judgment

This Court previously addressed American Benefit Corporation's role in handling the administrative functions of the Employer-Teamsters Joint Local Nos. 175/505 Pension Trust Fund in *Beckner v. American Benefit Corporation*, 2007 WL 130321 (S.D. W. Va. 2007). In *Beckner*, this Court found no evidence that American Benefit Corporation had a fiduciary role and, therefore, granted summary judgment in favor of American Benefit Corporation. 2007 WL130321, *aff'd*, 273 Fed. Appx. 226 (4th Cir. 2008) (unpublished) (affirming this Court and finding "no evidence to support the suggestion that American Benefit Corporation had a fiduciary role in . . . [the plaintiff's] case"). Likewise, the Court find no evidence in this case that American Benefit Corporation took

on a fiduciary role. Thus, the Court **GRANTS** American Benefit Corporation's Motion for Summary Judgment (Doc. 21).

## II.  Defendant Fund and Trustees' Motion for Summary Judgment

Based on the evidence in the record, even considered in the light most favorable to Plaintiff, the Court must conclude that the Fund and its trustees acted within their discretion when they denied Mr. Bigley pension benefits. Under the definition of Break-in-Service effective at the time, it was reasonable for American Benefit Corporation to conclude that there was a Break-in-Service in 1979 resulting in the loss of the two months contribution Mr. Bigley had accrued in 1978. The consecutive years of the break (at least one) exceeded the Years of Participation Mr. Bigley had earned (zero). As a result, Mr. Bigley lost not only Years of Participation (of which he had none) but also Credited Service (of two months). A second break in service occurred from 1989 until 1993. Plaintiff acknowledges that he did not work for a contributing employer during these years, but argues this lack of service should be disregarded because he transferred to the Operator's Union. The problem with this argument is that Mr. Bigley had not vested when he left the Teamsters and has provided no evidence that he could transfer membership from the Teamsters to the Operator's Union. Under the relevant definition of vesting, as stated in the plan documents "Vesting is the right to receive a future pension benefit . . . if you leave the Fund. You become vested in your pension benefits after completing 10 Years of Participation." In 1989 Mr. Bigley had not earned 10 Years of Participation. By the end of 1993 he had suffered a Break-in-Service because the break exceeded both five consecutive years and aggregate number of years of service which Mr. Bigley had earned prior to the Break.

In his response and reply memoranda Plaintiff offers two additional arguments as to why he should receive his pension – inconsistent reasons for its denial, and the probable loss of Years of Participation due to the negligence or malfeasance of his former employers.[2] Plaintiff contends that he was initially told he would not be receiving a pension based on two Breaks-in-Service but then had his appeal denied based on insufficient Years of Participation. He claims this is a violation of the Employee Retirement Income Security Act, which provides,

> [E]very employee benefit plan shall –
>
> (1) provide adequate notice in writing to any participant or beneficiary whose Claim for benefits under the plan has been denied, *setting forth the specific reasons for such denial,* written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claims for benefits has been denied for a full and fair hearing by the appropriate named fiduciary of the decision denying the claim.

*Weaver v. Phoenix Home Life Mut. Ins. Co.*, 990 F.2d 154, 157 (4th Cir. 1993) (quoting 29 U.S.C. § 1133)) (emphasis added).

While the above cited provision does grant a claimant the right to be informed of his specific reason for denial, this right was not violated in Mr. Bigley's case. In letters from American Benefit Corporation he was initially told he did not qualify because of two Breaks-in-Service. After his appeal he was told, by counsel for the Fund, that not only had he suffered two Breaks-in-Service, but that even if these were ignored he still would not have enough Years of Participation to become

---

[2]Plaintiff may also be heard to argue that his time from working for Carl E. Smith in 1973-1978 should be counted as five Years of Participation towards vesting. This argument is a non-starter. Plaintiff stipulated that Carl E. Smith did not become a contributing employer to the Fund until 1978.

vested in his pension. Far from recanting the initial reason for denial, the letter after appeal simply offered Mr. Bigley additional information about his claim or, at most, an alternative reason for denial.

Plaintiff's last argument is that he earned Years of Participation not considered by American Benefit Corporation or the Fund trustees because of either shoddy record keeping at Carl E. Smith and L.A. Pipeline Construction or embezzlement at Carl E. Smith. In support of the last argument he points to newspaper articles from 2008 reporting that five members of the Smith family had been indicted on count including Embezzlement from Employee Benefit Plans. There is no evidence, however, that any embezzlement occurred during the years Mr. Bigley worked for Carl E. Smith. Moreover, as explained by Defendants, the hours worked by Mr. Bigley for Carl E. Smith recorded in social security records and consistent with his sporadic membership and dues payment in the Teamsters union during the same time-frame. In short, Plaintiff has not offered anything more than a scintilla of evidence and speculation that the work records depended upon by American Benefit Corporation and the Fund trustees were not accurate. As a consequence the Court **GRANTS** Pension Fund Plan's motion for summary judgment (Doc. 23).

### III. The Defendants are Not Entitled to Attorneys Fees

Pursuant to 29 U.S.C. § 1132(g) "the court in its discretion may allow reasonable attorney's fee award and costs of action to either party." While the Court has determined that each of the Defendants is entitled to summary judgment, the Court is unconvinced that an award of costs and attorneys fees is appropriate in this action. As such each of the Defendants' requests for costs and fees is **DENIED.**

## Conclusion

For the above stated reasons, the Court **GRANTS** each of the Defendants' motions for Summary Judgment (Docs. 21 and 23) except to the extent they request attorneys fees. The Court also **DENIES** Plaintiff's motion for summary judgment (Doc. 25). Further, the Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: April 1, 2010

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE